## PURCHASE SALE AGREEMENT

**Effective Date: September 1, 2019.**

This document will memorialize the agreement made between Kevin Russell, individually and as member-manager of Barnstorm Resources II, LLC and Toledo Gas, LLC, ("Russell"), Barnstorm Resources, LLC ("Barnstorm") and Toledo Gas Gathering, LLC ("Toledo") (collectively "Grantors") and Two Sisters, LLC ("Grantee") (collectively the "Parties"), for good and valuable consideration herein and below, the Parties agree as follows:

1. Grantee shall pay Russell a total of Three Hundred Thousand Dollars ($300,000.00) and Grantors shall execute an assignment, conveyance and all other necessary documents and deeds in favor of Grantee ("Assignments") conveying an undivided one-quarter (1/4) interest of all leases, interests, wells, hydrocarbons, equipment, permits, easements, contracts and records more particularly described in instruments filed of record in Johnson County, Texas Instrument Numbers 2019-25249 and 2019-22939 ("Oil and Gas Interest").

   Grantee shall remit payment to Russell as follows: Upon receipt of Grantors' execution of this agreement, Grantee shall wire One Hundred Seventy-Five Thousand Dollars ($175,000.00) to Russell and upon Grantee's receipt of copy/ies of the properly executed Assignments, Grantee shall wire an additional One Hundred Twenty-Five Thousand ($125,000.00) to Russell (presently anticipated to occur on October 15, 2019). Such wire transactions to Russell shall be subject to Russell's instructions provided to Grantee or as otherwise agreed upon by the Parties. The Parties hereby agree to pay their own costs and fees associated with the wire transactions.

2. Also, on or before December 31, 2019, Grantors shall pay Eight Hundred Seventy-Five Thousand Dollars ($875,000.00), via wire transfer or other certified funds as directed by Grantee, to Grantee and Grantee shall execute or cause to be executed a quit claim of assignment of Grantee's right, title, and interest without warranty in and to the Toledo Gas Gathering, LLC service pipeline system and rights-of-way conveyed to Toledo Gas Gathering, LLC by BP Pipelines (North America), Inc. on September 25, 2012.

3. For clarity and the avoidance of doubt, the Parties hereby expressly acknowledge that the interest being conveyed by this agreement is for an undivided one-fourth (1/4) interest of all the leases, interests, wells, hydrocarbons, equipment, permits, easements, contracts ("Conveyed Interest") and records and expressly not an undivided (1/4) of Grantors' interest acquired in the Oil and Gas Interest.

4. This agreement shall be subject to verification of Grantors' ownership in and marketable title to the Conveyed Interest to the reasonable satisfaction of Grantee. If, prior to closing, Grantors receive notice of any well proposal, pooling application, or other leasehold or well development action applicable to the Conveyed Interest, Grantors shall notify Grantee of same within three (3) days of receipt of said notice, and Grantee shall determine the appropriate response and make any desired election to preserve the Conveyed Interest.

1

**Ex. 1**

5. Grantee retains the right to complete a due diligence title review and will close on the Conveyed Interest on or before the end of thirty (30) days from the Effective Date of this Agreement. Should Grantee determine that the Conveyed Interest is burdened by a title defect that would render title less than "marketable," as defined by the Title Examination Standards of the State of Texas, Grantee shall deliver to Grantors a written notice, either electronically or in hard copy, of such title defect, along with reasonable detail describing such title defect, and provide Grantor the opportunity to cure such title defect. Should Grantors be unable to cure the title defect to Grantee's reasonable satisfaction within ten (10) days of receipt of notice, Grantee shall not be obligated to purchase such interest but may enforce this agreement by specific performance at Grantee's election.

6. Grantors represent to Grantee that there are no existing burdens (i.e., royalty conveyances, non-participating royalty conveyances, etc.) on the Conveyed Interest other than the leasehold burdens of record with the county clerk for the Oil and Gas Interest herein described. Grantors, at their sole risk and expense, hereby warrant and agree to release, defend, indemnify and hold harmless Grantees from and against any and all title defects, alleged or otherwise, including specifically, but not limited to, subordination of mortgage which may affect oil and gas leases.

7. Grantee shall be entitled to all proceeds of oil and gas production attributable to the Oil and Gas Interest accruing from and after the Effective Date of this agreement (unless Grantee terminates or otherwise cancels this agreement pursuant to the terms and conditions outlined herein), less and except any proceeds which have been paid and received by Grantors as of the Effective Date of this agreement.

8. The closing of this transaction shall occur upon Grantee's completion of the activities and in accordance with the terms defined herein. At the closing, the following shall occur:

    i) Grantors shall properly execute and deliver to Grantee (or Grantee's representative) an original of all Assignments as may be required to complete the transaction.
    ii) Grantee, at its sole cost and expense, shall record Grantors' properly executed Assignments of the Conveyed Interest.

9. Grantors hereby convey, grant, bargain, assign, convey, mortgage, pledge, hypothecate and transfer to the Grantee a lien on and security interest in all of Grantors' retained right, title and interest in, to and under, all of the property and assets currently owned by or owing to, or hereafter acquired by or arising in favor of, Grantors, wherever located as collateral and security for the Grantors' performance required herein.

10. The Parties expressly acknowledge and agree that damages resulting from Grantors' breach of agreement are difficult or impossible to accurately estimate and that damages herein outlined are expressly not a penalty but rather a reasonable pre-breach estimate of the probable loss. Accordingly, in the event Grantors fail to (1) convey a full one quarter (1/4) interest as outlined in the foregoing or (2) remit payment of Eight Hundred Seventy-Five Thousand Dollars ($875,000.00) to Grantee on or before December 31, 2019, Grantors shall be liable to Grantee in an amount of Two Million Six Hundred Twenty-five Thousand

Dollars ($2,625,000.00). However, if the breach that occurs is for Grantors failure to pay Eight Hundred Seventy-Five Thousand Dollars ($875,000.00) as outlined in the foregoing, Grantors may mitigate or reduce the foregoing liquidated damages amount conveying additional interest in the Oil and Gas Interest to Grantee, such additional interest to be valued at pro-rata price per percentage interest based upon Grantee's purchase of an undivided one-quarter (1/4) interest for Three Hundred Thousand Dollars ($300,000.00) and offset against the amount due and owing to Grantee then taking the remaining balance multiplied by three (3) (i.e. assuming an additional undivided one-fourth (1/4) valued Three Hundred Thousand Dollars ($300,000.00) $875,000.00 minus $300,000.00 equals $575,000.00 times three (3) for a liquidated damages amount of One Million Seven Hundred Twenty-Five Thousand Dollars ($1,725,000.00)).

11. In the event any suit is instituted to enforce the terms of this Agreement, the prevailing party shall have the right to recover all of such party's reasonable expenses and costs incurred by reason of such litigation including, but not limited to, attorney's fees, court costs, and expert witness fees. The construction, interpretation and enforcement of this agreement shall at all times and in all respects be governed by the laws of the State of Oklahoma (excluding its conflict of laws rules which would refer to and apply the substantive laws of another jurisdiction). In the event any dispute arises in relation to this agreement, the parties agree that jurisdiction and venue shall lie in courts located in Oklahoma County, Oklahoma.

12. Grantors shall, at the request of Grantee, remove any liens or other encumbrances created by Grantor burdening the interests herein conveyed.

13. Grantee agrees to pay all closing costs including, but not limited to, Title of Ownership, Documentary Stamps, Filing of Mineral Deeds.

14. This agreement shall be binding on the parties, their heirs, successors and assigns.

15. No modification of this Agreement shall be of any force or effect unless in writing and signed by an authorized signatory of both Parties and expressly identified as a modification. This Agreement, together with the exhibits attached hereto and the nondisclosure agreement referenced herein, constitutes the entire understanding between the Parties with respect to its subject matter and supersedes and cancels all prior agreements, negotiations, understandings (written or oral), and discussions of the Parties in relation to its contents. Failure to enforce any or all of the terms and conditions of this Agreement in a particular instance or instances shall not constitute a waiver thereof or preclude subsequent enforcement thereof.

16. If any part of this Agreement contravenes any applicable statutes, regulations, rules, or common law requirements, then, to the extent of and only to the extent of such contravention, such part shall be severed from this Agreement and deemed non-binding while all other parts of this Agreement shall remain binding.

17. This Agreement may be executed in two or more counterparts, and may be executed by way of facsimile or electronic signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

18. Kevin Russell hereby represents and warrants that he has the authority to execute this agreement on behalf of each of the Grantors and acknowledges that Grantee has relied upon said representation and warranty.

19. This agreement constitutes the entire agreement of the parties and no other agreements oral or otherwise has been entered into concerning the matters contained herein.

**GRANTORS**

Date: 10/11/2019

*/s/ RK Rell/*

Kevin Russell
**Individually and as Member/Manager
Barnstorm Resources, LLC and Toledo
Gas Gathering, LLC**

*/s/ RK Rell/*

Kevin Russell
**Member/Manager of Barnstorm
Resources, LLC**

*/s/ RK Rell/*

Kevin Russell
**Member/Manager of Toledo Gas
Gathering, LLC**

**GRANTEE**

Date: 10/11/2019

*/s/ Chris Edwards/*

Chris Edwards
**Member/Manager
Two Sisters, LLC**

4