## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

TWO SISTERS, LLC, a Foreign )
Limited Liability Company, )
)
      Plaintiff, )
)
v. )   Case No. CIV-20-492-G
)
R. K. RUSSELL a/k/a KEVIN )
RUSSELL, Individually, and as )
Member-Manager of Toledo Gas )
Gathering, LLC, et al. )
)
      Defendants. )

## ORDER

Plaintiff Two Sisters, LLC, filed this diversity action against four Defendants,[1]

bringing claims arising from a contract dispute.  *See* Compl. (Doc. No. 1).  Defendants

have filed a Motion to Dismiss (Doc. No. 12) pursuant to Federal Rule of Civil Procedure

12(b)(6).  Plaintiff has responded (Doc. No. 13), Defendants have replied (Doc. No. 14),

and the Motion is now at issue.

### I.    *The Pleading*

Plaintiff alleges that on October 11, 2019, the parties entered into a Purchase Sale

Agreement ("PSA") outlining the terms of two transactions.  *See* Compl. at 2, ¶ 6; *id.* Ex.

1 (Doc. No. 1-1) (signed October 11, 2019, with "Effective Date: September 1, 2019").

---

[1] Defendants are: (1) R. K. Russell a/k/a Kevin Russell, Individually, and as Member-Manager of Toledo Gas Gathering, LLC, Barnstorm Resources, LLC, and Barnstorm Resources II, LLC ("Russell"); (2) Toledo Gas Gathering, LLC, a Domestic Limited Liability Company; (3) Barnstorm Resources, LLC, a Domestic Limited Liability Company; and (4) Barnstorm Resources II, LLC, a Domestic Limited Liability Company.

For the first, referred to here as the Johnson County transaction, "Plaintiff agreed to purchase certain oil and gas interests belonging to [Defendants] for the sum of [$300,000]." Compl. at 2, ¶ 6; *see* PSA ¶ 1.  More specifically, the parties agreed that Plaintiff would pay Defendant Russell $300,000 and that Defendants would

> execute an assignment, conveyance and all other necessary documents and deeds in favor of [Plaintiff] . . . conveying an undivided one-quarter (1/4) interest of all leases, interests, wells, hydrocarbons, equipment, permits, easements, contracts and records more particularly described in instruments filed of record in Johnson County, Texas Instrument Numbers 2019-25249 and 2019-22939 ('Oil and Gas Interest').

PSA ¶ 1.

For the second, referred to here as the Toledo transaction, the PSA prescribes that

> on or before December 31, 2019, [Defendants] shall pay [$875,000.00] . . . to [Plaintiff] and [Plaintiff] shall execute or cause to be executed a quit claim of assignment of [Plaintiff's] right, title, and interest without warranty in and to the Toledo Gas Gathering, LLC service pipeline system and rights-of-way conveyed to Toledo Gas Gathering, LLC by BP Pipelines (North America), Inc. on September 25, 2012.

*Id.* ¶ 2; *see* Compl. at 2, ¶ 6.  The Complaint describes Plaintiff's interest in Toledo Gas Gathering, LLC, as a "3% interest in the pipeline/right of way/easement," comprising "BP Pipelines (North America) 09/25/2012; ARCO Midcon, LLC 09/25/2012; and Sowell Equities-Forestwood, LP 09/29/2017."  Compl. at 2-3, ¶ 6.

The PSA includes a liquidated-damages provision, which states, in relevant part:

> The Parties expressly acknowledge and agree that damages resulting from [Defendants'] breach of agreement are difficult or impossible to accurately estimate and that damages herein outlined are expressly not a penalty but rather a reasonable pre-breach estimate of the probable loss.  Accordingly, in the event [Defendants] fail to (1) convey a full one quarter (1/4) interest as outlined in the foregoing or (2) remit payment of [$875,000] to [Plaintiff] on

or before December 31, 2019, [Defendants] shall be liable to [Plaintiff] in an amount of [$2,625,000].

PSA ¶ 10.

## II.     Standard of Review

In analyzing a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff."  *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).  A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)).  Bare legal conclusions in a complaint are not entitled to the assumption of truth.  "[T]hey must be supported by factual allegations" to state a claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.     Defendants' Motion

Plaintiff asserts three causes of action, which are referenced herein as Claim One, Claim Two, and Claim Three.  *See* Compl. at 3-7.

A. *The Toledo Transaction*

In Claim One, which involves the Toledo transaction, Plaintiff alleges that it "has made due demand" but that Defendants "have totally failed to . . . pay the $875,000 by December 31, 2019," "or take any steps toward completion of the purchase." *Id.* at 3, ¶¶ 2-3. Plaintiff alleges that it has been "irreparably damaged" by this breach and that it is entitled to the sum of $2,625,000 as outlined in the liquidated-damages provision of the PSA. *Id.* at 4, ¶¶ 4-5 (citing PSA ¶ 10).

Under Oklahoma law, to recover under a breach-of-contract theory a plaintiff must show: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." *Dig. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). Further, courts have recognized that a plaintiff who pleads a contract breach "must allege that he has complied with the contract and performed his own obligations under it." 5 *Federal Practice and Procedure (Wright & Miller)* § 1235 (3d ed. 1999 & Supp. 2020); *cf. Stoltz, Wagner & Brown v. Cimarron Expl. Co.*, 564 F. Supp. 840, 850 (W.D. Okla. 1981) ("If a party seeking recovery was unable or unwilling to perform his portion of the contract, then said party cannot require performance by the other party." (citing Oklahoma case law)).

Defendants seek dismissal of Claim One on the ground that Plaintiff fails to adequately allege performance of its own obligations under the PSA. Specifically, according to Defendants, the PSA requires that by December 31, 2019, Plaintiff shall execute a quit claim of assignment. *See* PSA ¶ 2. "Until Plaintiff performs that obligation," Defendants argue, "it is not entitled to $875,000.00 from Defendant[s]." Defs.' Mot. at 6.

The Complaint does not expressly state that Plaintiff timely executed the quit claim of assignment but does plead that "Plaintiff has made due demand on [Defendants] to honor [the PSA]."  *See* Compl. at 3-4, ¶¶ 2-5.  While Plaintiff's allegation of failure of payment upon its "due demand," *id.* at 3, ¶ 3, is meager, the Court finds that it is sufficient to support a plausible inference that Plaintiff was willing to proceed to close the Toledo transaction— that is, that Plaintiff was willing and able to execute the quit claim of assignment in conjunction with Defendants paying the specified amount for the property being assigned—but Defendants refused.  Thus, Plaintiff has adequately alleged its compliance with and Defendants' breach of the PSA at this initial pleading stage.  *See Dig. Design Grp.*, 24 P.3d at 843; Fed. R. Civ. P. 8(a)(2), 12(b)(6); *see also Iqbal*, 556 U.S. at 678-79 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

As to injury, while Plaintiff's well-pleaded factual allegations allow considerable variation as to what damages Plaintiff may have suffered as a direct result of the breach of the PSA, the allegations are sufficient to support a plausible inference that Plaintiff suffered some such damage.[2]  *See* Compl. at 2, ¶ 6, 3-4, ¶¶ 1-5.  This is adequate to state a claim upon which relief can be granted for purposes of Rule 12(b)(6).

---

[2] Defendants further argue that the PSA's liquidated-damages provision is unenforceable under title 15, section 215 of the Oklahoma Statutes.  *See* Defs.' Mot. at 5-7 (citing PSA ¶ 10).  The Court finds that dismissal on this basis would be premature absent further development of the factual record relevant to application of that contract provision.  *See* Okla. Stat. tit. 15, § 215(A) (prescribing that a liquidated-damages provision in a contract "shall be held valid" when "it would be impracticable or extremely difficult to fix the actual

B.  *The Johnson County Transaction: Plaintiff's Allegation of Conversion*

Claim Two, titled "Contract/Conversion," is based upon the Johnson County transaction.  Plaintiff alleges that it completed the purchase of the Johnson County Oil and Gas Interest "per terms of the contract," but, despite demands by Plaintiff, Defendants have failed to provide "any accounting, payment or compensation from production" and have failed to properly register the transfer or provide "a statement of the amount of oil and gas produced."  Compl. at 4-5, ¶¶ 6-10.  "Plaintiff believes that the market value of the natural gas attributable to [] Plaintiff's interest in the seven (7) wells since September 1, 2019 . . . to present is in excess of [$100,000]."  *Id.* at 5, ¶ 11.

Defendants argue that any claim for conversion must be dismissed because Oklahoma does not recognize a cause of action based upon the conversion of money.  *See* Defs.' Mot. at 8.  Plaintiff responds that "the nomenclature is unimportant" and that "Plaintiff has a right to recover [revenue payments arising from production of mineral interests belonging to Plaintiff and others] as damages."  Pl.'s Resp. at 5.

As noted by Defendants' cited authorities, "[t]he general rule in Oklahoma is that only *tangible personal property* may be converted."  *Shebester v. Triple Crown Insurers*, 826 P.2d 603, 608 (Okla. 1992) (emphasis in original); *see also Childs v. Unified Life Ins. Co.*, 781 F. Supp. 2d 1240, 1249 (N.D. Okla. 2011) ("When a plaintiff seeks to recover

damage"); Compl. at 4, ¶ 4 ("Plaintiff has been irreparably damaged by not having the funds available from the sale of the pipeline system creating various and immeasurably lost opportunities in the current market."); *see also WinCo Foods, LLC v. Crossland Constr. Co.*, 426 F. Supp. 3d 1147, 1150-52 (W.D. Okla. 2019) (determining at summary judgment that the undisputed facts in the record established the enforceability of the parties' liquidated-damages provision under section 215 and Oklahoma case law).

money, there is no conversion."). Accordingly, to the extent Plaintiff purports to bring a conversion action based upon Defendants' retention of revenue payments and compensation, it fails to state a claim upon which relief can be granted.

## C. The Johnson County Transaction: Plaintiff's Request for Accounting

Claim Three, titled "Third Cause of Action: Accounting," likewise implicates the Johnson County transaction. Compl. at 6, ¶ 13. Plaintiff alleges: "Defendants have extracted natural gas from Plaintiff's undivided 1/4 interest in the oil and gas leases existing on the subject property and have failed to account OR PAY to Plaintiff for the exact amounts that have been recovered." *Id.*

Defendants argue that Claim Three is subject to dismissal because: (1) an accounting is a remedy, rather than a claim; (2) an action for an accounting must be based upon either a fiduciary relationship or a statutory right, and no such relationship or right was pled in the Complaint; and (3) even if Plaintiff had pled a fiduciary relationship, Oklahoma law does not recognize a fiduciary relationship based upon a mere contractual relationship. *See* Defs.' Mot. at 9; Defs.' Reply at 8-10; *see also* Compl. at 7, ¶ 4 (seeking as relief a judgment "for all sums as is determined to have been improperly paid to [Defendants] from the production of the 1/4 undivided oil and gas interests"). Plaintiff objects that it "is entitled to an accounting . . . as a remedy," regardless of "the name on the pleading," and that "Defendants have . . . a fiduciary obligation to account for all of the revenue funds which [they have] wrongfully taken, and which belong to Plaintiff." Pl.'s Resp. at 5.

The Oklahoma courts' treatment of accounting actions is more nuanced than Defendants suggest.

> The distinctions between claims for legal and equitable accounting were recently outlined by the Oklahoma Court of Civil Appeals. *See Margaret Blair Trust v. Blair*, 378 P.3d 65, 72-74 (Okla. Civ. App. 2016). A claim for legal accounting seeks to enforce a duty created by contract or fiduciary status. *Id.* at 72. It is pursued as a breach of the applicable duty and "is not an equitable matter at all." *Id.* Equitable accounting, by contrast, is available "where the plaintiff lacks a legal right to an accounting, but an accounting is the only available means to an adequate remedy." *Id.* at 73.

*Sultan Oil Co. v. Trinity Operating (USG), LLC*, No. CIV-19-175-CBG, 2020 WL 3106313, at *4 (E.D. Okla. June 11, 2020).

While the PSA does not expressly provide for an accounting, and there are no well-pled allegations of fiduciary liability, the Court cannot conclude on the current record that an accounting would not be plausibly available to Plaintiff "to the extent [Plaintiff] lack[s] an adequate remedy at law." *Id.*; *see Margaret Blair Tr.*, 378 P.3d at 73. Accordingly, dismissal of Claim Three is unwarranted at this time.

## CONCLUSION

For the reasons outlined above, Defendants' Motion to Dismiss (Doc. No. 12) is GRANTED IN PART and DENIED IN PART. Plaintiff's conversion claim regarding the Johnson County transaction is hereby dismissed without prejudice for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff's breach-of-contract claims regarding the Toledo transaction and the Johnson County transaction, as well as the liquidated-damages claim and the action for accounting relating to the Johnson County transaction, remain pending.

IT IS SO ORDERED this 19th day of November, 2020.

CHARLES B. GOODWIN
United States District Judge